UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRANIA TREVINO | § § § | |
| vs | § | CIVIL ACTION NO. M-04-273 |
| | § | |
| CREDIT COLLECTION SERVICES, ALLSTATE INSURANCE COMPANY | § § § § § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

### I. Background

On August 2, 2004, Plaintiff filed a putative class action in the 206th District Court of Hidalgo County, Texas. (Doc. 1 at 1). Plaintiff alleges that Defendant Credit Collection Services violated Texas Finance Code §§ 392.101, 392.301(a)(3),(8), 392.303(a)(2), and 392.304(a)(1)(A),(8),(12). Plaintiff seeks statutory penalties, injunctive relief, actual damages and attorneys fees against Defendant Credit Collection Services ("Credit Collection Services"). Plaintiff also sues Defendant Allstate Insurance Company ("Allstate") for its use of Defendant Credit Collection Services in violation of Texas Finance Code § 392.306. More generally, Plaintiff seeks injunctive relief, actual damages, and attorneys fees [(§ 392.403(a))] on behalf of Plaintiff and all persons to whom Defendant Credit Collection Services sent a formal collection notice on behalf of Defendant Allstate. (Doc. 1 at 25).

On August 12, 2004, Defendant Allstate was served. On September 13, 2004, Defendant Allstate filed a notice of removal, in which Defendant Credit Collection Services joined. (Doc. 2 at 1). Defendants allege subject matter jurisdiction pursuant to diversity jurisdiction. [28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b).] The parties do not dispute that there is complete

diversity between the parties. What is disputed however, is whether the amount in controversy requirement has been satisfied for diversity jurisdiction. Plaintiff argues in the negative and now moves to remand for lack of subject matter jurisdiction. (Doc. 2).

## II. Analysis & Conclusion

When a defendant removes a case to federal court under diversity jurisdiction and the complaint does not allege a specific amount of damages, the defendant must establish that the jurisdictional amount is satisfied by a preponderance of the evidence. *Garcia v. Koch Oil Co. of Tex.,* Inc., 351 F.3d 636, 638 (5th Cir. 2003). If attorney fees are recoverable by Plaintiff (by statute or contract), the fee claim is included in determining the amount in controversy. *See Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002).[1] In support of Defendants' contention that the amount in controversy requirement has been satisfied, Defendant Allstate submits the affidavit of Mr. Charles M. Wilson, III. (Doc. 1 at 5). Mr. Wilson, an accomplished attorney, has served in numerous capacities..[2] According to his affidavit:

> [He has] reviewed the allegations set forth in Plaintiff's Original Petition... [and is] familiar with the provisions of the Texas Finance Code cited by plaintiff. [He has] experience evaluating claims for attorney's fees in actions seeking injunctive relief relating to an insurance company's claims practices. [It is his belief] that if the plaintiff prosecutes this action through trial, and successfully prevails on all injunctive relief that she seeks in the Complaint, her individual claim for attorney's fees will probably exceed $75,000.

(Doc. 1 at 6)

In response, Plaintiff offers a stipulation that "the maximum amount of damages, including attorney's fees, will not exceed seventy-five thousand dollars ($75,000) per plaintiff." The Court accepts Plaintiffs' stipulation that no recovery for any plaintiff, named or unnamed, shall exceed

---

1 As a preliminary matter, the Court notes that the recently enacted "Class Action Fairness Act" does not apply in this case, as this case was commenced before February 18, 2005. The Act only applies to civil actions commenced on or after February 18, 2005.
2 Mr. Wilson served as a chairman on the Fee Dispute Committee of the Dallas Bar Association.

$75,000. Because claims of individual plaintiffs are not aggregated in determining the jurisdictional amount in controversy for exercising diversity jurisdiction, this stipulation would be sufficient to warrant remand as the standard approach to awards of attorney's fees in a class action context is to distribute them pro rata to all class members, both named and unnamed. *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir. 2001); *H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 328-331 (5th Cir. 200), *cert. denied*, 534 U.S. 894, 122 S. Ct. 214, 151 L. Ed. 2d 152 (2001). Defendant Allstate argues however that, since Plaintiff is bringing suit pursuant to section 392.403 of the Tex. Fin. Code, any attorney fees should be be attributable to the representative party rather than assigned pro-rata. [Tex. Fin. Code § 392.403(b) provides that "a person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs."] This Court believes that Defendant Allstate reads the statute too broadly [the cited statute does not address class actions, only suits by "a person"] and notes that aggregating and attributing attorney's fees to the named representative for jurisdictional purposes is contrary to Texas law generally. *See Sims v. AT&T Corp.*, 2004 U.S. Dist. LEXIS 26802, * 13 (N.D. Tex. 2004); *Gooding v. Allstate Ins. Co.*, 2000 U.S. Dist. LEXIS 6607, 2000 WL 626856, at * 2 (N.D. Tex. 2000).

Because of Plaintiff's stipulation to limit her recovery and because of the general rule against aggregation of claims in determining amount in controversy, this Court holds that Defendants have failed to demonstrate by a preponderance of evidence the amount in controversy requirement necessary for diversity jurisdiction. Accordingly, the Court is of the opinion that Plaintiff's motion to remand (Doc. 2) should be **GRANTED.** This case is **REMANDED** to the 206th Judicial District of Hidalgo County, Texas from whence it was removed. Additionally, because the Plaintiff offered the Court its damages stipulation *post* removal [combined with the fact that the relevant statute for attorney's fees is less than clear], the Court holds that Defendants had "objectively reasonable grounds to believe that removal was legally proper" and **DENIES** any requests for costs and fees in connection with the removal and remand. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-mart Stores*, Inc., 199 F.3d 290, 292 (5th Cir. 2000)(the Court is to consider the objective validity of the removing party's efforts,

at the time that party attempted to remove the case.)

SO ORDERED this 6th day of July, 2005, at McAllen, Texas.

_____
Randy Crane
United States District Judge